UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRANDA D'ANCONA,

              Plaintiff(s),

-against-

D & R TRANSPORTATION, LLC., PS, INC.,
and DONALD P. MOORE,

              Defendant(s).
------------------------------------------------------------X

Case No.: 07 CV 10618

**ANSWER**
**(JURY TRIAL DEMANDED)**

      Defendants, D & R TRANSPORTATION, LLC., PS, INC., and DONALD P. MOORE, by way of its attorneys, RAVEN & KOLBE, LLP, responds to plaintiff's Complaint as follows:

      FIRST:   Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph designated as "FIRST" of plaintiff's Complaint.

      SECOND: Answering defendants admit the allegations contained in paragraph designated as "SECOND" of plaintiff's Complaint.

      THIRD:   Answering defendants admit the allegations contained in paragraph designated as "THIRD" of plaintiff's Complaint.

      FOURTH: Answering defendants admit the allegations contained in paragraph designated as "FOURTH" of plaintiff's Complaint.

      FIFTH:   Answering defendants deny all of the allegations contained in paragraph designated as "FIFTH" of plaintiff's Complaint and beg leave to refer all questions of law and fact to the trial of the action.

      SIXTH:   Answering defendants deny all of the allegations contained in paragraph designated as "SIXTH" of plaintiff's Complaint and beg leave to refer all questions of law and fact to the trial of the action.

      SEVENTH: Answering defendants deny all of the allegations contained in paragraph designated as "SEVENTH" of plaintiff's Complaint.

EIGHTH: Answering defendants deny all of the allegations contained in paragraph designated as "EIGHTH" of plaintiff's Complaint.

NINTH: Answering defendants deny all of the allegations contained in paragraph designated as "NINTH" of plaintiff's Complaint.

TENTH: Answering defendants admit the allegations contained in paragraph designated as "TENTH" of plaintiff's Complaint.

ELEVENTH: Answering defendants deny all of the allegations contained in paragraph designated as "ELEVENTH" of plaintiff's Complaint.

TWELFTH: Answering defendants deny all of the allegations contained in paragraph designated as "TWELFTH" of plaintiff's Complaint.

THIRTEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTEENTH" of plaintiff's Complaint.

FOURTEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "FOURTEENTH" of plaintiff's Complaint.

FIFTEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "FIFTEENTH" of plaintiff's Complaint except admit that on February 19, 2007, defendant D & R TRANSPORT LLC., was the owner of a tractor motor vehicle pulling the trailer motor vehicle with the knowledge of defendant PS, INC.

SIXTEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "SIXTEENTH" of plaintiff's Complaint except admit that on February 19, 2007, defendant D & R TRANSPORT LLC, was the owner of a tractor motor vehicle pulling the trailer motor vehicle with the consent and permission of defendant PS, INC.

SEVENTEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "SEVENTEENTH" of plaintiff's Complaint except admit that on February 19, 2007, defendant D & R TRANSPORT LLC, was the owner of a tractor motor vehicle pulling the trailer motor.

EIGHTEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "EIGHTEENTH" of plaintiff's Complaint.

NINETEENTH: Answering defendants deny all of the allegations contained in paragraph designated as "NINETEENTH" of plaintiff's Complaint except admit that on

February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer.

TWENTIETH:   Answering defendants deny all of the allegations contained in paragraph designated as "TWENTIETH" of plaintiff's Complaint except admit that on February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer with the knowledge of defendant PS, INC.

TWENTY-FIRST:   Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-FIRST" of plaintiff's Complaint except admit that on February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer with the knowledge of defendant D & R TRANSPORT LLC.

TWENTY-SECOND: Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-SECOND" of plaintiff's Complaint except admit that on February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer with the consent and permission of defendant PS, INC.

TWENTY-THIRD:   Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-THIRD" of plaintiff's Complaint except admit that on February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer with the consent and permission of defendant D & R TRANSPORT LLC.

TWENTY-FOURTH: Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-FOURTH" of plaintiff's Complaint except admit that on February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer.

TWENTY-FIFTH:   Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-FIFTH" of plaintiff's Complaint except admit that on February 19, 2007, defendant DONALD P. MOORE was the operator of the tractor motor vehicle pulling the trailer in furtherance of the business of defendant D & R TRANSPORT LLC.

TWENTY-SIXTH:   Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-SIXTH" of plaintiff's Complaint and beg leave to refer all questions of law and fact to the trial of the action.

TWENTY-SEVENTH: Answering defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph designated as "TWENTY-SEVENTH" of plaintiff's Complaint.

TWENTY-EIGHTH: Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-EIGHTH" of plaintiff's Complaint.

TWENTY-NINTH: Answering defendants deny all of the allegations contained in paragraph designated as "TWENTY-NINTH" of plaintiff's Complaint.

THIRTIETH: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTIETH" of plaintiff's Complaint.

THIRTY-FIRST: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTY-FIRST" of plaintiff's Complaint and beg leave to refer all questions of law and fact to the trial of the action.

THIRTY-SECOND: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTY-SECOND" of plaintiff's Complaint.

THIRTY-THIRD: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTY-THIRD" of plaintiff's Complaint.

THIRTY-FOURTH: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTY-FOURTH" of plaintiff's Complaint and beg leave to refer all questions of law and fact to the trial of the action.

THIRTY-FIFTH: Answering defendants deny all of the allegations contained in paragraph designated as "THIRTY-FIFTH" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable in whole or in part, to the culpable conduct of the plaintiff.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct, if any, of said defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in the FRCP Rules of the Court.

If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by the provisions of the Comprehensive Automobile Insurance Reparation Act of the State of New York.

**WHEREFORE**, answering defendants, D & R TRANSPORTATION, LLC., PS, INC., and DONALD P. MOORE, demand judgment dismissing the Complaint of the plaintiff herein, together with costs and disbursements of this action.

Dated: New York, New York
February 27, 2008

        Respectfully submitted,

        RAVEN & KOLBE, LLP

        By: _/s/_
        Keith A. Raven (KR-8086)
        Attorneys for Defendant
        D & R TRANSPORTATION, LLC.,
        PS, INC., and DONALD P. MOORE
        126 East 56th Street, Suite 202
        New York, New York 10022
        Tel. (212) 759-7466
        Fax (212) 759-0166
        Our File No: 860-010

- 6 -

To:

David Horowitz, P.C.
Attorneys for Plaintiff
MIRANDA D'ANCONA
Office & P.O. Address
276 Fifth Avenue
New York, New York 10001
Tel. (212) 684-3630

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) SS
COUNTY OF NEW YORK   )

      Keith A. Raven, Esq., being duly sworn, deposes and says that he is a partner with the firm of RAVEN & KOLBE LLP., attorneys for D & R TRANSPORTATION, LLC., PS, INC., and DONALD P. MOORE in the within action; that he has read the foregoing Answer and knows the contents thereof; that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, he believes to be true.

      Deponent further states that the reason why this verification is made by your deponent and not by said party is that the said party is not within the county where your deponent has his offices.

      That the source of deponent's information and the grounds for his belief are reports of investigations and records in the file.

Dated: New York, New York
       February 27, 2008

_____
Keith A. Raven, Esq.

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

1. That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein.

2. That deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in Glendale, New York.

3. That on February 27, 2008 she served the within copy of the **ANSWER (JURY TRIAL DEMANDED)** upon:

> David Horowitz, P.C.
> Office & P.O. Address
> 276 Fifth Avenue
> New York, New York 10001

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

_____
NELIDA M. LAMBOY-PEREZ

Sworn to before me this
27th day of February, 2008

_____
Victoria Tasalova
Notary Public, State of New York
No. 01TA6056005
Qualified in Kings County
Commission Expires 3-12-11