# DAVID HOROWITZ, P.C.
COUNSELOR AT LAW
276 FIFTH AVENUE
NEW YORK, NEW YORK 10001
(212) 684-3630
(F) (212) 685-8617

March 12, 2008

<u>8 PAGES VIA FACSIMILE TRANSMISSION [(212) 805-0426]</u>
Hon. Laura T. Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 755

New York, NY 10007

      Re:    Miranda D'Ancona, v. D &R Transportation, LLC.
             Case No.: 07 CV 10618

Dear Judge Swain:

      This office represents the plaintiff Miranda D'Ancona in the above referenced matter. In anticipation of the conference scheduled for March 14, 2008 in the above referenced matter, annexed hereto please find the parties' Joint Preliminary Pre-Trial Statement. I apologize for the delay in providing same and thank the Court for its courtesy. The delay, however, was necessitated as the result of the recent receipt of an answer and the substitution of defendants' counsel. Should the Court require anything further, please do not hesitate to contact the undersigned.

      Very truly yours,
      DAVID HOROWITZ, P.C.

      By: _____
           Steven J. Horowitz (SH1352)

cc:    [Via e-mail jack.cohen@cna.com]
      Law Offices of Charles J. Siegel
      40 Wall Street
      7th Floor
      New York, New York
      File No.: 108140073

Steven J. Horowitz, Esq.
DAVID HOROWITZ, P.C.
276 Fifth Avenue
New York, New York 10001
(212) 684-3630

Jack Cohen, Esq.
LAW OFFICE OF CHARLES SIEGEL
40 Wall Street
New York, New York 10005
(212) 440-2350

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
Miranda D'Ancona,
                 Plaintiff,

     -against-

D & R TRANSPORTATION, LLC., PS,
INC., and DONALD P. MOORE,
                Defendants.
------------------------------------------------------X

JOINT PRELIMINARY
PRE-TRIAL STATEMENT

Case No.: 07 CV 10618

Pursuant to the Order of the Hon. Laura Taylor Swain, dated December 11, 2007, the parties hereby submit the following as their Preliminary Pre-Trial Statement:

NATURE OF CASE

1. The above captioned action is a personal injury action seeking damages arises out of a motor vehicle accident which occurred on February 19, 2007 at the intersection of Christopher Street and Bleeker Street, Manhattan, New York. The said incident arises from a pedestrian knockdown involving a motor vehicle. Specifically, plaintiff Miranda D'Ancona was struck by a fire hydrant which allegedly had been launched off its moorings as a result of defendants' motor vehicle striking same.

## JURISDICTION

2. Plaintiff bases jurisdiction on diversity of citizenship pursuant to 28 U.S.C. 1332. Plaintiff Miranda D'Ancona is a resident of the State of New York, County of New York, residing at 265 Cherry Street, New York, New York. Defendant D & R Transportation, LLC., was a foreign limited liability company, organized and existing under and by virtue of the laws of the State of Tennessee, and licensed to do business in the State of New York, maintaining its place of business at 1154 Highway 109N, Lebanon, Tennessee, 37090. Defendant PS, INC., was a foreign corporation, organized and existing under and by virtue of the laws of the State of Tennessee, and licensed to do business in the State of New York, maintaining its place of business at 1154 Highway 109N, Lebanon, Tennessee, 37090. Defendant DONALD P. MOORE, was a resident of the State of North Carolina, maintaining his residence at 16 Donald Drive, Candler, North Carolina 28715.

3. Plaintiff alleges that the matter in controversy exceeds the jurisdictional minimum required by the Court in as much as the plaintiff alleges a right hip fracture and right tibial fracture requiring surgery and resulting in extensive hospitalization. In addition, she developed post operative anemia requiring a blood transfusion. She was then transferred to the acute Rehab floor where she received physical and occupational therapy for approximately one week. She further developed C. difficile colitis necessitating transfer to the MICU due to sepsis, necessitating significant fluid resuscitation and treatment with broad spectrum antibiotics. From the aggressive fluid resuscitation and poor nutritional status, she developed severe anasarca, limiting her mobility and breathing. She required a thoracentesis to remove some fluid. Thereafter and to date, she periodically required hospitalization for flare ups of the C. difficile colitis. Defendants dispute the magnitude of plaintiff's injuries as meeting the criteria to establish the jurisdictional minimum of this Court.

## STATEMENT OF UNCONTESTED FACTS

4. None, without further discovery.

## STATEMENT OF UNCONTESTED LEGAL ISSUES

5. None, without further discovery.

## STATEMENT OF LEGAL ISSUES TO BE DECIDED BY THE COURT

6. The Court is to determine the issue of defendants' fault in proximately causing the damages complained of and plaintiff's alleged culpable conduct in causing same. The Court is also to determine whether plaintiff's alleged injuries meet the serious injury threshold as defined by the New York State Insurance Law.

## STATEMENT OF DISPUTED MATERIAL FACTS

7. The parties dispute causation; comparative fault; and the magnitude of plaintiff's injuries.

## PLAINTIFF'S STATEMENT OF THE LEGAL BASIS FOR EACH CAUSE OF ACTION

8. Plaintiff's cause of action is premised on common law negligence. See Locicero v. Messina, 239 A.D. 535, 267 N.Y.S. 901 (App. Div. 1st Dep't 1933) ("His testimony established that the plaintiffs were struck by the defendant's truck while they were on the sidewalk of Bay street. That circumstance, unexplained by other evidence, was sufficient to establish the negligence of the driver of the truck and the freedom of the plaintiffs from contributory negligence."); O'Brien v. Purpura, 25 Misc2d 1009, 205 N.Y.S.2d 3 (Sup. Ct. Kings Cnty. 1960) ("Where, as in this case, plaintiffs are struck by an automobile that mounts the sidewalk, there is a presumption of negligence on the part of the driver and freedom from contributory negligence on the part of plaintiff [citations omitted].") In addition, plaintiff bases her claim on violation of, inter alia, New York State Veh. & Traff. Law. § 1163; 1180; 1212; and 1225-A.

## DEFENDANTS STATEMENT OF THE LEGAL BASIS FOR EACH DEFENSE

9. Defendant contends that plaintiff failed to use that degree of care necessary to avoid both the happening and magnitude of the accident for which she claims injury in this matter. Defendant alleges that the standards of comparative negligence as set forth in PJI 2:36 require a jury to determine whether plaintiff's injuries were a result of her failure to avoid the accident in that there is a valid line of reasoning and permissible inferences from which rational people can draw a conclusion of plaintiff's negligence which resulted in her injuries (Nallan v. Helmsley-Spear, Inc., 50 N.Y.2d 507, 517, 429 N.Y.S.2d 606, 407 N.E.2d 451 [1980]; Bruni v. City of New York, 2 N.Y.3d 319 [2004].)

## BURDEN OF PROOF

10. Plaintiff bears the burden of proof on her cause of action, including establishing a serious injury under the New York Insurance Law §5102. Defendants bear the burden of proof on their defenses of culpable conduct and collateral source offset.

## AMENDMENT OF PLEADINGS

11. The parties request permission to amend their pleadings, to the extent necessary, within thirty days of the completion of depositions.

## TRANSFER TO A MAGISTRATE JUDGE

12. The parties do not consent to the transfer of this matter to a Magistrate Judge for all purposes. The parties, however, would consent to a transfer to a Magistrate Judge for the purposes of overseeing the discovery phase of the litigation.

## RULE 26 DISCLOSURES

13. Plaintiff has served her automatic disclosure. Defendants should be permitted to serve same on or before April 14, 2008.

## SCOPE OF DISCOVERY

14. The scope of discovery will likely revolve around the culpability of the parties as well as the plaintiff's injuries. In addition, plaintiff will likely require discovery related to the available insurance coverage and defendants' assets. Fact discovery should be concluded within 250 days.

## EXPERT TESTIMONY

15. Plaintiff and defendants will provide both medical experts and accident reconstruction experts, if needed. Such experts may be retained after interrogatories are answered and depositions attended. Specifically, plaintiff requests that she be permitted to exchange any experts she intends to call at the time of trial within 30 days after the completion of depositions. Defendants request permission to exchange any expert witnesses they intend to call at the time of trial thirty days thereafter.

## LIMITATIONS ON SCOPE OF DISCOVERY

16. None.

## SETTLEMENT DISCUSSIONS

17. Settlement discussions have taken place. The parties appear too far apart to resolve this matter.

## TRIAL

18. All parties requested a trial by jury. Plaintiff will require approximately four days for trial. Defendant will require approximately 4 days for the presentation of the defense. Plaintiff reserves the right to present a rebuttal case, if necessary.

Dated: March 12, 2008
       New York, New York

                                        LAW OFFICES OF DAVID HOROWITZ, P.C.

Steven J. Horowitz (1352)

Dated: March 12, 2008
       New York, New York

LAW OFFICES OF CHARLES J. SIEGEL

*Jack Cohen* (9449)

Jack Cohen (9449)